# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Antonio Wheeler,<br><br>               Plaintiff,<br><br>v.<br><br>Gallagher Insurance Companies; and Transdev U.S., Inc.,<br><br>               Defendants. | Case No. 2:24-cv-00671-GMN-DJA<br><br>**Order** |

Pro se Plaintiff Antonio Wheeler filed an application to proceed *in forma pauperis*. (ECF No. 5). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice.

**I.**    **Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed in forma pauperis because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Here, Plaintiff's application is not detailed enough for the Court to determine whether Plaintiff qualifies to proceed *in forma pauperis*. Although Plaintiff completed the Short Form application, the information Plaintiff provided does not demonstrate with particularity, definiteness, or certainty that Plaintiff lacks the financial resources to pay the filing fee. On his application, Plaintiff claims to make no money from any source and that he has no money in a checking or savings account. In response to the questions asking whether he owns items of value, whether he has any monthly expenses, whether he has any dependents, and whether he has any debts, Plaintiff states that he does not have any of them without further explanation. On the docket, Plaintiff includes a telephone number and lists his address as a P.O. Box, suggesting a possible phone bill and bill to use the P.O. Box. (ECF No. 2). Yet Plaintiff does not provide any details in the application regarding how or if he pays these bills, how or if he pays rent, how or if he pays any other utilities or bills, or how he lives considering his claim to have no money and no bills all while having no debt. The scarcity of information on Plaintiff's application in connection with unexplained possible bills suggests that Plaintiff may have further information relevant to the Court's decision that he did not disclose. The Court finds that Plaintiff describes his poverty, but not with the definiteness with which the Court can verify that he is unable to pay the filing fee. As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.

The Court will give Plaintiff another opportunity to file a complete *in forma pauperis* application on this Court's Short Form application. The Court further orders that Plaintiff may

not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions.  Plaintiff also may not leave any questions blank.

The Court denies Plaintiff's *in forma pauperis* application without prejudice.  The Court gives Plaintiff 30 days to file an updated application.  Plaintiff must fully answer all applicable questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full.  Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **June 21, 2024** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee.  Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: May 23, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.