**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Antonio Wheeler, | Case No. 2:24-cv-00671-GMN-DJA |
| Plaintiff, | |
| v. | **Order**<br>**and**<br>**Report and Recommendation** |
| Gallagher Insurance Companies; Transdev U.S., Inc., | |
| Defendants. | |

Before the Court is Plaintiff's motion to extend two-year time frame (ECF No. 9), motion for pro se litigant to file electronically (ECF No. 10), motion for leave to proceed *in forma pauperis* (ECF No. 11), and motion for free copies (ECF No. 12), all of which are identical. Also before the court is Plaintiff's application to proceed *in forma pauperis*. (ECF No. 13).

In his motions (ECF Nos. 9, 10, 11, and 12), Plaintiff lists seven case numbers and asks the Court to extend his "2 year time frame from all cases" so that he can prepare for them by gathering evidence. Plaintiff also asks the Court to reopen any closed cases and grant his *in forma pauperis* application in all of his cases. Plaintiff also appears to seek leave to file electronically in all of his cases. He also requests free copies, although he does not identify the documents he seeks.

The Court denies Plaintiff's motion to extend two-year time frame because Plaintiff does not identify the two-year timeframe at issue. (ECF No. 9). Which rules the Court employs in analyzing an extension of time depends on the deadline or timeframe the party seeks to extend. So, without an explanation about what timeframe Plaintiff seeks to extend, the Court cannot conduct the proper analysis.

///

///

The Court denies Plaintiff's motion to file electronically. (ECF No. 10). As a preliminary matter, it is not entirely clear if Plaintiff seeks leave to file electronically or consents to receive documents by email, or both. Plaintiff asks, "[p]lease grant my IFP all [sic] all cases and E-Doc Requesting to file my response's [sic] along with notifications sent updating email address from antoniomwheeler18@gmail.com to the updated email starmanagement725@gmail.com."[1] In any event, leave to file electronically is limited to each "specific case." *See* Nevada Local Rule[2] IC 2-1(b). And this specific case is currently closed. So, the Court denies Plaintiff's motion without prejudice. If this recommendation is accepted and Plaintiff's case is reopened, he may move to file electronically then.

The Court denies Plaintiff's motion for copies. (ECF No. 12). Plaintiff does not identify the documents he seeks, so the Court cannot grant his motion. And the Court ordinarily cannot provide free copies even to indigent plaintiffs proceeding *in forma pauperis* as the *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the Court to pay the costs for an indigent litigant's general copy requests. *See Jackson v. Philson*, No. 3:20-cv-00009-GMN-CLB, 2020 WL 9888358, at *1 (D. Nev. Sept. 28, 2020).

The Court construes Plaintiff's motion for leave to proceed *in forma pauperis* to be a motion to reopen his case under Federal Rule of Civil Procedure 60(b) and recommends granting it. (ECF No. 11). Plaintiff states, "if case is closed please reopen so I can response…" and "I'll like to respond and reopen cases." Courts liberally construe *pro se* filings. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). And, in an unpublished decision, the Ninth Circuit has liberally construed a *pro se* movant's motion to reopen a case as one arising under Federal Rule of Civil Procedure 60(b). *See Wade v. Gilliland*, No. 21-17007, 2023 WL 4044421, at *1 (9th Cir. June 16, 2023) (unpublished). Under Federal Rule of Civil Procedure 60(b)(1), a court may

---

[1] Plaintiff's email address has been updated on the docket. However, because it appears that his email address on the docket contains a typo, the Court will order it corrected.

[2] This refers to the Local Rules of Practice for the United States District Court for the District of Nevada, which can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Plaintiff explains that he was not aware of certain timeframes due to his homelessness. The Court considers this to be excusable neglect under Federal Rule of Civil Procedure 60(b)(1). Plaintiff has also filed his motion less than a year after his case was dismissed. *See* Fed. R. Civ. P. 60(c)(1). So, the Court recommends granting Plaintiff's motion for leave to proceed *in forma pauperis*, (ECF No. 11), which it construes as a motion to reopen the case, and reopening *this* case.[3]

The Court also recommends granting Plaintiff's application to proceed *in forma pauperis*. (ECF No. 13). Plaintiff explains that he has no income, no property, and no debts because he is homeless. And Plaintiff's application appears complete and accurate.

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend two-year timeframe (ECF No. 9) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to file electronically (ECF No. 10) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for free copies (ECF No. 12) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to update Plaintiff's email address on the docket to starmanagement725@gmail.com.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and report and recommendation.

---

[3] Plaintiff asks the Court to reopen all of his cases and grant his *in forma pauperis* applications in all of his cases. But he provides no authority or rationale for this request. So, the Court confines its recommendation to reopening this case.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 11), which the Court construes as a motion to reopen the case, be **granted.**

**IT IS FURTHER RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 13) be **granted.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 17, 2025,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE