**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTONIO WHEELER,

                Plaintiff,

vs.

GALLAGHER INSURANCE COMPANIES, *et al.*,

                Defendants.

Case No.: 2:24-cv-00671-GMN-DJA

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 16),[1] filed by Defendants Gallagher Insurance Companies and Transdev U.S., Inc.  Plaintiff Antonio Wheeler, appearing pro se, filed a Response, (ECF No. 21), to which Defendants filed a Reply, (ECF No. 27).  Further pending before the Court is the Motion to Object Dismissal, (ECF No. 29), filed by Plaintiff.

For the reasons discussed below, the Court GRANTS Defendants' Motion to Dismiss with prejudice and DENIES Plaintiff's Motion to Object Dismissal as.

I.      **BACKGROUND**

This case arises from a slip and fall accident that Plaintiff suffered while exiting a bus operated by Defendant Transdev on January 19, 2023. (Compl. 4:14–19, ECF No. 1-1).  On January 28, 2025, Plaintiff entered into an agreement with Defendant Transdev releasing them from all claims "resulting from the accident . . . which occurred on or about 1/19/2023." (Release of All Claims at 3, Ex. A to Motion to Dismiss, ECF No. 16-1).  Plaintiff now asserts two claims against Defendant Transdev: (1) negligent failure to maintain safe premises, and (2)

---

[1] Defendants also filed another Motion to Dismiss, (ECF No. 24), which is identical to their first filed Motion to Dismiss except that it attaches Plaintiff's Response, (ECF No. 21), as an exhibit.  Because this later filed Motion to Dismiss is a duplicate of the first, the Court STRIKES it from the docket.

negligent failure to warn.[2] (Compl. 3:23–25, 5:3–6:10, 8:1–13).

## II.   <u>LEGAL STANDARD</u>

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[2] While Plaintiff's Complaint names Defendant Gallagher Insurance Companies, neither of Plaintiff's two claims are asserted against it.

## III.   **DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint in its entirety.  The Court first addresses the claims asserted against Defendant Transdev, and then turns to Defendant Gallagher.

### A. Negligence Claims Against Defendant Transdev

Plaintiff asserts two claims for negligence against Defendant Transdev, alleging that Defendant Transdev failed to ensure that the bus where Plaintiff's injury occurred was free of hazards and failed to warn Plaintiff of the hazard. (*See* Compl. 3:23–25, 5:3–6:10, 8:1–13). Defendant Transdev argues that Plaintiff's claims fail as a matter of law because Plaintiff signed a binding Release agreement that discharged all claims against Defendant Transdev. (Mot. Dismiss 5:3–5, ECF No. 16).  In his Motion to Object Dismissal, a filing separate from his Response, Plaintiff asserts that he was "not [aware] of" the Release agreement. (Mot. Object Dismissal 1:21–22, ECF No. 29).  However, in another Motion to Object Dismissal, (ECF No. 19), Plaintiff admits that he signed the Release, arguing instead that "the notice provided by the notary at the time" Plaintiff signed the release was insufficient because Plaintiff did not foresee the severity of his injuries. (Mot. Object Dismissal 1:43–47, ECF No 19).[3]

Here, the signed and notarized Release agreement is dispositive of Plaintiff's claims. The Release agreement unambiguously discharges Defendant Transdev from "any and all claims . . . resulting or to result from the accident . . . which occurred on or about 01/19/2023." (Release of All Claims at 3, Ex. A to Motion to Dismiss).  In exchange for releasing Defendant Transdev, Plaintiff received $4,500 and a promise from Sedgwick Claims Management Services to pay "all reasonable and necessary medical bills and expenses related to the

---

[3] While both statements were made outside of Plaintiff's Response, the Court nonetheless considers them due to Plaintiff's pro se status. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (describing "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements").

accident" not to exceed $20,000. (*Id.*).  While Plaintiff may legitimately claim that, at the time he signed the Release, he did not know that the promised $20,000 would not be sufficient to cover all medical expenses resulting from the accident, he nonetheless agreed to the terms of the Release.  Because the parties agreed upon the essential terms of the Release, an enforceable settlement agreement exists which prohibits Plaintiff from pursuing any action against Defendant Transdev and the other persons and entities listed in the Release. *See May v. Anderson*, 119 P.3d 1254, 1259 (Nev. 2005) (finding that an enforceable settlement agreement prohibited plaintiff's claims).

Accordingly, the Court finds that Plaintiff's claims asserted against Defendant Transdev fail as a matter of law and GRANTS Defendants' Motion to Dismiss these claims with prejudice.

### B. Defendant Gallagher Insurance Companies

While Plaintiff names Gallagher Insurance Companies as a Defendant in his Complaint, neither of Plaintiff's two claims are asserted against it. (*See* Compl. 3:23–25, 5:3–6:10). Defendant Gallagher argues that, to the extent Plaintiff asserts a negligence claim against it, it owed no duty of care to Plaintiff because it had no relationship with Plaintiff, contractual or otherwise. (Mot. Dismiss 4:11–19).  Plaintiff argues in response that Defendant Gallagher insured Defendant Transdev, and thus has some responsibility for Plaintiff's injuries. (Resp. 1:22–2:3, ECF No. 21).

Here, Plaintiff neither names Defendant Gallagher in any of his causes of action nor alleges how Defendant Gallagher's conduct establishes any form of legal liability.  However, even if Plaintiff had asserted one or both of his negligence claims against Defendant Gallagher, those claims would necessarily fail because the insured, Defendant Transdev, cannot be liable in light of the signed Release.  Accordingly, the Court GRANTS Defendants' Motion to Dismiss Defendant Gallagher.  Because amendment would be futile, the Court will not grant

leave to amend and dismisses all claims against both Defendants with prejudice.

## IV.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 16), is **GRANTED** without leave to amend.  Plaintiff's claims against Defendant Transdev U.S., Inc. are **DISMISSED with prejudice**, and Defendant Gallagher Insurance Companies is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendants' duplicate Motion to Dismiss, (ECF No. 24), be **STRICKEN** from the docket.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Object Dismissal, (EC No. 29), is **DENIED as moot**.

The Clerk of Court is kindly directed to close this case.


**DATED** this __29__ day of January, 2026.


_____
Gloria M. Navarro, District Judge
United States District Court